ShaCkelfoRD, J.,
delivered the opinion of the Court.
This is a suit, brought by the plaintiff in error, against the defendant, for the conversion of a mare. It appears, ‘the defendant in error, in September, 1862, went with \ party to the house of plaintiff, for the purpose of pressing horses for the rebel Government. The defendant did not belong to the command, but was along to give receipts for horses taken. On arriving at plaintiffs, the horses were, by order of defendant, and one Young, driven into a lot. The mare was caught; the defendant remarking, “she would do.” The animal was taken off by the party, against the remonstrance of plaintiff. As the company were about leaving, the defendant said he would try and get them to return her. The defendant went to the camp of the party, and remained with them all night. On the next morning, he saddled and rode the mare. During the day, she was accidentally shot and killed. It appears, from affidavits, after the jury had retired, the defendant and one of the jury were seen in close conversation, and a short time thereafter the jury returned a verdict.
The Court, among other things not excepted to, charged the jury: “If the defendant, though one of the party, objected to any interference with the horse, was opposed to taking it, did not aid in the taking — yet, if the horse was taken by others, and he afterwards saddled the horse, or had manual possession of her, with the bona fide intention of returning her to the plaintiff, he would not be responsible, or liable to a conversion.” *348 The jury found a verdict for defendant. The plaintiff moved for a new trial, which motion was overruled, and the plaintiff has appealed to this Court.
It is now insisted, that portion of the charge set out is erroneous, or tended to mislead the jury. That portion of the charge, as an abstract question of law, is correct, but was not applicable to the facts of the case before the jury. According to the rulings of this Court, it is no ground of reversal, unless the charge tended to mislead the jury: Crutcher vs. Fleming, 2 Hum., 519. In the case of Bridges vs. Beck, 2 Hum., .516, the settled principle of this Court is, in declaring the law to the jury, it is highly proper for the Judge to confine himself to a clear and explicit statement of the principles, w'hich, in his judgment, have an immediate application to the facts of the case before him.
"We think, in this charge there is not that error that would authorize a reversal of the judgment.
1. It is insisted, there is no proof to support the verdict. It is the settled principle of this Court, as announced in reported decisions, for more than twenty-five years, they will not reverse the judgment of the Circuit Court, if there is any evidence to sustain the verdict of the jury; and this principle is now too well. settled to be disturbed.
In the case under consideration, we think there is no proof to sustain the verdict of the jury. The defendant, with others,- went to the house of plaintiff without legal authority, had his horses driven up into a lot, directed the animal caught, remarking, “she would do.” She was taken off by him and his party. He was en *349 gaged in an unlawful act, and he and his associates were trespassers, and guilty of a conversion, in taking the animal of the plaintiff. The defendant assumed to exercise an ownership over the property of the plaintiff, unauthorized hy law. The taking was illegal, and the defendant was guilty of a conversion. On the day following, the mare was used hy defendant. The conversion was complete, and the assumed control of the animal the next day, was hut the carrying out his original tortious taking. There is no proof the taking thé mare from the possession of the plaintiff was against the will of the defendant; and there .is no proof he designed to return the mare, and if there was, it would not relieve him from his tortious acts the day previous. The protection of the law is thrown around the property of every citizen, and any unauthorized assumption over it is a wrong, for which the party is liable.
There is no evidence to sustain the verdict; and it was error in the Circuit Judge in refusing to grant a new trial.
2. It is insisted, the Judge, in refusing to grant a new trial, for the improper conduct of defendant with the juror while the jury had the case under consideration, was error, for which this Court will reverse. In the view we have of the law governing this case, it is unnecessary for us to determine this question at this time. Such conduct on the part of a. suitor is highly improper and reprehensible, and should call forth the severe censure of the Court. Men must not be permitted to tamper with jurors before whom their suits are being tried; and being seen in close .conversation *350 with them during the trial, or while they are considering of their verdict, the circumstance, unexplained, is sufficient to authorize the Circuit Judge to grant a new trial, and to subject the party to punishment by the Court, for contempt. -The fountains of justice must be kept pure and free from suspicion, or the citizen will lose all respect for the laws, and the rights of person and property will become insecure.- Suitors and jurors must not place' themselves in a position where their conduct creates suspicion.
The judgment of the Circuit Court is reversed; a new trial is awarded, and cause remanded.